UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LUFUNSO NEWSOME,                    )
                                    )
            Petitioner,             )
                                    )
        v.                          )        No. 4:06CV1205 FRB
                                    )
TROY STEELE,                        )
                                    )
            Respondent.             )

**MEMORANDUM AND ORDER**

          This cause is before the Court on Missouri state prisoner

Lufunso Newsome's <u>pro</u> <u>se</u> petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  All matters are pending before the

undersigned United States Magistrate Judge, with consent of the

parties, pursuant to 28 U.S.C. § 636(c).

          On August 28, 2002, a jury in the Circuit Court of the

City of St. Louis, Missouri, found petitioner guilty of Kidnaping,

Domestic Assault Second Degree, Unlawful Use of a Weapon, and

Domestic Assault Third Degree.  (Resp. Exh. 2 at 78-81.)

Petitioner was sentenced as a prior and persistent offender to two

twelve-year terms of imprisonment, one five-year term of

imprisonment, and one one-year term of imprisonment, respectively,

with such terms of imprisonment to be served concurrently.  (Resp.

Exh. 1 at 398-99.)  Petitioner's conviction and sentence were

affirmed on appeal.  <u>State v. Newsome</u>, 119 S.W.3d 566 (Mo. Ct. App.

2003) (per curiam). Petitioner thereafter filed a motion for post-

- 1 -

conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. 4 at 46-56.) The Missouri Court of Appeals affirmed the denial of post-conviction relief. Newsome v. State, 172 S.W.3d 493 (Mo. Ct. App. 2005).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, petitioner claims that the evidence adduced at trial was insufficient to support his conviction for kidnaping inasmuch as the evidence showed only an "attempt" to kidnap and not an actual kidnaping. In response, respondent contends that petitioner's claim is procedurally barred from review by this federal habeas court inasmuch as petitioner failed to properly raise the claim in state court. In the alternative, respondent argues that the claim is without merit and should be denied.

## I. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526

U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's claim of insufficiency of the evidence to be exhausted through procedural default inasmuch as petitioner failed to properly raise the claim in state court and there exists no available state remedy by which petitioner could now pursue his claim.

## II.  Procedural Default

In his sole claim for relief, petitioner contends that

there was insufficient evidence upon which his conviction for kidnaping could be sustained. A review of the record shows petitioner not to have raised this claim on direct appeal. (Resp. Exh. 3.)

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. <u>Jolly v. Gammon</u>, 28 F.3d 51, 53 (8th Cir. 1994). Under Missouri law, a claim challenging the sufficiency of the evidence on a criminal conviction must be raised on direct appeal. <u>Jones v. Jerrison</u>, 20 F.3d 849, 856 (8th Cir. 1994). Where, as here, such a claim is not raised on direct appeal, the claim is procedurally defaulted and this Court is barred from reviewing the claim unless the petitioner shows cause for his default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the Court were not to address the merits of the claim. <u>Id.</u>; <u>see also</u> <u>Coleman</u>, 501 U.S. at 750. In the instant case, petitioner asserts no bases for cause to excuse his procedural default, nor argues that he suffered any resulting prejudice.

In his response to the show cause order, however, respondent notes that petitioner raised in his *pro se* motion for post-conviction relief a claim that direct appeal counsel was ineffective for failing to raise a claim on appeal challenging the sufficiency of the evidence. (<u>See</u> Resp. Exh. 7 at 10.) Ineffective assistance of direct appeal counsel may constitute

cause for procedural default.  <u>Reese v. Delo</u>, 94 F.3d 1177, 1182 (8th Cir. 1996) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 492 (1986)).  For the federal court to review such a claim as cause for default, however, the petitioner must have first properly presented this Sixth Amendment argument as an independent claim to the state courts if a forum existed to make the argument.  <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000); <u>Charron v. Gammon</u>, 69 F.3d 851, 858 (8th Cir. 1995).

A review of the record in the instant cause shows petitioner to have raised a claim of ineffective assistance of direct appeal counsel in his motion for post-conviction relief, claiming that counsel was ineffective in failing to raise the instant claim of insufficiency of the evidence on appeal.  Although respondent argues that petitioner did not raise this Sixth Amendment claim on appeal of the denial of the post-conviction motion and thus is barred from raising the claim as cause for procedural default in this proceeding, a review of petitioner's brief on post-conviction appeal shows such claim to have indeed been raised.  (Resp. Exh. 8 at 13, 25-31.)  In addition, the Missouri Court of Appeals addressed this claim of ineffective assistance of appellate counsel in its Memorandum Supplementing Order Affirming Judgment.  (Resp. Exh. 10, Memorandum.)  As such, this Court may proceed to determine whether ineffective assistance of direct appeal counsel caused petitioner to procedurally default his instant claim challenging the sufficiency of the evidence.

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, including effective assistance on direct appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The Court must apply the standard set forth in <u>Strickland</u> to determine whether petitioner indeed received ineffective assistance of appellate counsel with regard to this issue of error. <u>Reese</u>, 94 F.3d at 1185. As such, petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and that petitioner was prejudiced as a result. <u>Strickland</u>, 466 U.S. at 687-88, 694. To demonstrate prejudice on account of counsel's failure to raise a claim on appeal, petitioner must show a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." <u>Pryor v. Norris</u>, 103 F.3d 710, 714 (8th Cir. 1997). Petitioner must show more than that the alleged error had some conceivable effect on the outcome of the proceeding. <u>Id.</u> at 713. "'Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.'" <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 693).

In its decision denying petitioner relief on his claim of ineffective assistance of direct appeal counsel, the Missouri Court

of Appeals set out the <u>Strickland</u> standard of review (Resp. Exh. 10, Memo. at 3) and determined petitioner not to have received ineffective assistance of appellate counsel inasmuch as there was no merit to petitioner's underlying claim:

> . . . [I]t appears that movant argues counsel was ineffective for failing to challenge the sufficiency of the evidence to support the conviction for kidnapping [sic]. . . .
>
> Movant's contention regarding the evidence that victim was taken without her consent fails. There was significant testimony from the victim, and from an eyewitness to the incident, that the victim was being taken from her home without her consent. The victim described the incident as a "hostage" situation, and testified that movant dragged her forcibly by her hair out of her home and into the street. She said he pushed her into his car, and she managed to escape. The eyewitness observed movant dragging the victim, and he said he heard the victim saying, "[n]o." The witness testified that movant was violently dragging the victim by her hair and she was screaming for help. Movant then forced the victim into the car "like he was going to kidnap her."
>
> Thus, there was sufficient evidence to support the "without consent" element of the kidnapping [sic] charge, and counsel was not ineffective for failing to challenge the sufficiency of the evidence to support movant's conviction.

(<u>Id.</u> at 7.)

The court of appeals also determined that to the extent petitioner challenged the sufficiency of the evidence as it related to the "for a substantial period of time" element of kidnaping, it was

unnecessary to consider such argument inasmuch as "the element of 'for a substantial period of time' was not a part of the crime with which movant was charged."  (Id.)

Counsel cannot be said to be ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success.  See Smith v. Armontrout, 888 F.2d 530, 545 (8th Cir. 1989); see also Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991); Meyer v. Sargent, 854 F.2d 1110, 1115-16 (8th Cir. 1988).  As such, the Missouri Court of Appeals reasonably determined counsel not to have been ineffective in his failure to raise a claim challenging the sufficiency of the evidence inasmuch as such claim had no merit.  The decision of the Missouri Court of Appeals that counsel's failure to raise a non-meritorious issue on direct appeal did not constitute ineffective assistance was neither contrary to nor an unreasonable application of clearly established federal law.  Nor does the record show that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

Inasmuch as appellate counsel did not provide ineffective assistance by failing to raise on direct appeal the instant claim

challenging the sufficiency of the evidence, petitioner has failed to establish cause to excuse his procedural default of this claim in state court. See Charron, 69 F.3d at 858. Where a petitioner cannot show cause for his procedural default, the Court need not consider whether prejudice has been shown. Tokar v. Bowersox, 198 F.3d 1039, 1052 (8th Cir. 1999); Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995). In addition, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998) (where petitioner does not assert actual innocence, court does not consider any such claim).

Therefore, petitioner's claim that the evidence adduced at trial was insufficient to support his conviction for kidnaping is procedurally barred from federal habeas review and should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Lufunso Newsome's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 2) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has

failed to make a substantial showing that he has been denied a constitutional right.


_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE


Dated this  _28th_  day of September, 2009.